MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DUANE CHRISTY | Case No.: 2:09-CV-01075 |
| Plaintiff, | **COMPLAINT** |
| vs. | **EIGHT PERSON JURY DEMANDED** |
| GC SERVICES LIMITED PARTNERSHIP., a Delaware Limited Partnership, DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive, | |
| Defendants. | |

## **COMPLAINT**

Plaintiff, DUANE CHRISTY (hereinafter collectively referred to as "PLAINTIFF" by and through his undersigned attorney, Mark J. Bourassa, Esq., alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action on his own behalf for actual and statutory damages arising from GC SERVICES LIMITED PARTNERSHIP, and DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive (hereinafter

-1-

Complaint

collectively referred to as "DEFENDANTS") violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 and has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. The events at issue took place in this District.

## PARTIES

3. PLAINTIFF is a natural person who resides in Nevada.

4. Defendant GC SERVICES LIMITED PARTNERSHIP is a Delaware Limited Partnership ("GC SERVICES"), the principal purpose of whose business is the collection of debts.

5. At all times relevant herein, Defendants designated as DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to PLAINTIFF who, therefore, sues said Defendants by said fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated as a DOE or ROE are responsible in some manner for the events and happenings referred to herein and caused damages proximately to PLAINTIFF as alleged.   PLAINTIFF prays for leave to insert said Defendants' true names and legal capacities when ascertained.

6. Defendants GC SERVICES, DOE individuals 1 through 20 inclusive and ROE Corporations 21 through 40, inclusive are collectively referred to herein as "DEFENDANTS".

7. PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS and each of them, regularly collect or attempt to collect consumer debts owed or due

or asserted to be owed or due another and that each of the DEFENDANTS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. At all times material hereto, and in doing the acts and omissions alleged herein, the DEFENDANTS and each of them acted individually and/or through their officers, agents, employees and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other DEFENDANTS.

9. PLAINTIFF is informed and believes and thereupon alleges that at all times mentioned herein each of the DEFENDANTS sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its co-Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to the PLAINTIFF on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. On or about December 28, 2009 and thereafter, DEFENDANTS called PLAINTIFF'S telephone.

12. Said telephone calls occurred multiple times each day.

## FIRSTCLAIM FOR RELIEF:

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALL DEFENDANTS.

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 14 inclusive, above.

14. DEFENDANTS violated 15 U.S.C. § 1692(d)(5) by attempting to contact PLAINTIFF multiple times on the same day. DEFENDANTS repeatedly contacted PLAINTIFF with the attempt to annoy, abuse or harass the PLAINTIFF at the called number.

15. DEFENDANTS failed to maintain reasonable procedures to prevent said violations.

16. PLAINTIFF is entitled to statutory damages, actual damages and attorney fees and costs.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AGAINST ALL DEFENDANTS.

17. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 18 inclusive, above.

18. At all times herein DEFENDANTS were subject to the provisions of the Nevada Deceptive Trade Practices Act; NRS 598.

19. DEFENDANTS' violations of the FDCPA as set forth herein constitute violations of NRS 598.0923 for conducting a business using coercion, duress or intimidation in a transaction.

20. DEFENDANTS are subject to liability for civil penalties, PLAINTIFF'S attorney fees and costs for violations of the Nevada Deceptive Trade Practices Act.

## DEMAND FOR JURY TRIAL

21. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in his favor, and that judgment be entered against DEFENDANTS, and each of them, for the following:

(1) For statutory damages;

(2) For actual damages;

(3) For punitive damages as permitted by law;

(4) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 15th Day of June 2009.

Respectfully submitted by:

THE BOURASSA LAW GROUP, LLC

 /s/ Mark J. Bourassa, Esq.
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
3025 West Sahara Ave., Ste. 200
Las Vegas, Nevada 89102
Attorney for Plaintiff